■ In the Matter of JOSEPH H. SMITH, JR., Petitioner, against EDWARD F. CAVANAGH, JR., as Fire Commissioner of the City of New York, Respondent.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondent. Petitioner seeks to review the action of the Fire Commissioner in dismissing him from the position of Fireman, Second Grade, in the Fire Department of the City of New York, after a hearing upon charges of misconduct and violations of the regulations of the Fire Department. He was found guilty of three separate charges of illegal sales of a narcotic drug and pleaded guilty with an explanation to three specifications charging him with disobeying orders by leaving his home without the permission of a medical officer after reporting an injury. It is urged here by petitioner that the hearing before the trial officer was unfair and violative of his rights. The determination of the Fire Commissioner is amply supported by the evidence adduced at the hearing. The conclusion of guilt as to the narcotics charges is unassailable, and suffices to sustain petitioner's dismissal from the Fire Department. The contention as to a biased hearing rests mainly on the declaration by the Trial Commissioner that, suspecting petitioner to be a malingerer, he had, while the hearing was in progress, ordered the petitioner

followed when leaving the hearing room; and that it had been reported to the Trial Commissioner that petitioner had been observed to change his stride from that of a pronounced limp to a vigorous hopping when descending the subway steps. Such inquisitorial action by the Trial Commissioner in the course of a hearing did not conform to the standards of a fair hearing. Investigative procedures should not be indulged in by the official sitting in a semi-judicial capacity in the trial of charges. Nevertheless, it is patent that the statement of the Trial Commissioner as to the observations concerning petitioner's physical actions after leaving the hearing room, can only be construed to refer to the sick leave charges to which petitioner, at the outset of the hearing, pleaded guilty with an explanation. While the conclusions drawn from those observations may have affected the Trial Commissioner's acceptance of petitioner's explanation in extenuation of his plea of guilty on the sick leave charges, they could not detract from the overwhelming preponderance of the evidence on the narcotics charges. Since the dismissal was warranted on the latter charges, standing by themselves, the determination of the Fire Commissioner will not be disturbed. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.